# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

WILLIAM F. BILSKI, D.O.,     )
         Appellant,        )     C. A. No.:   N13A-10-005 VLM
                        )
        v.             )
                        )
THE BOARD OF MEDICAL       )
LICENSURE AND DISCIPLINE   )
OFTHE STATE OF DELAWARE,   )
        Appellee.         )

Submitted: September 18, 2014
Decided: October 16, 2014

*Upon Consideration of Appellant's Motion for Reargument*,
**DENIED.**

## ORDER

Victor F. Battaglia, Esquire, Biggs and Battaglia, Wilmington, DE, Attorney for Appellant.

Patricia Davis Oliva, Deputy Attorney General, Department of Justice, Dover, DE, Attorney for Appellee.

**MEDINILLA, J.**

On this 16th day of October, 2014, upon consideration of Appellant's Motion for Reargument, it appears to the Court that:

1.     On June 30, 2014, this Court issued an Opinion[1] affirming the decision of the Board of Medical Licensure and Discipline (the "Board"), which found Appellant William F. Bilski, D.O. ("Dr. Bilski") guilty of unprofessional conduct.[2] Dr. Bilski filed a timely Motion for Reargument, and a hearing was held on September 18, 2014.[3] This is the Court's decision after review of the parties' written briefs and oral arguments.

2.     Under Superior Court Civil Rule 59(e), the Court may in its discretion grant a Motion for Reargument. A Motion for Reargument will be denied unless the Court has overlooked a precedent or legal principle that would have controlling effect, or misapprehended the law or facts such as would affect the outcome of the decision.[4] A motion for reargument is not intended to rehash arguments already decided by the Court,[5] or to present new arguments not previously raised.[6]

---

[1] *Bilski v. Bd. of Med. Licensure & Discipline of Delaware*, C.A. No. N13A-10-005 VLM, 2014 WL 3032703 (Del. Super. Ct. June 30, 2014) (hereinafter "Op.")

[2] Under 24 *Del. C*. §1731(b)(11) (engaging in a pattern of negligence in the practice of medicine).

[3] The State filed a Response to the Motion for Reargument. Thereafter, Dr. Bilski filed a Motion to Strike the State's Response to the Motion for Reargument. Finding the Motion to Strike to be without merit, this Court denied the motion in a bench ruling on September 18, 2014.

[4] *Woodward v. Farm Family Cas. Ins. Co*., 2001 WL 1456865, at * 1 (Del. Super. Ct. Aug. 24, 2001).

[5] *Kennedy v. Invacare Corp*., 2006 WL 488590, at *1 (Del. Super. Ct. Jan. 31, 2006).

2

3.      Dr. Bilski contends that this Court's June 30, 2014 Opinion crucially misapprehends the factual record and overlooks controlling principles of law because (1) the record is devoid of evidence of deficient documentation in his records-keeping practices from 2009 to 2011; (2) the Board violated his due process rights because it did not adequately notify him of the standards he was found to have violated; (3) medical negligence must be proven by expert testimony; and (4) the Complaint against him did not meet a particularized pleading standard that Dr. Bilski argues should apply.  The Court will address each claim *seriatim*.

4.      Dr. Bilski's first argument reiterates his earlier contention that the Hearing Officer's findings of fact were fundamentally flawed because the Report relied upon the Model Policy's "guidelines" for documentation that were not binding on him from 2009 through 2011.  This argument was the central premise of Dr. Bilksi's original appeal to the Board, and was briefed and argued at length prior to this Court's June 30, 2014 Opinion.  Indeed, this Court's June 30 Opinion squarely addressed this issue.  This Court determined that any error on the part of the Hearing Officer which may have resulted from improper reliance on the non-binding Model Policy guidelines from 2009-2011 was cured by the Board's

---

[6] *Plummer v. Sherman*, C.A. No. 99C-08-010, 2004 WL 63414, at *2 (Del. Super. Ct. Jan 14, 2004).

deliberations on the record.[7] Because Dr. Bilski's first claim merely reiterates an argument previously addressed by this Court, he does not offer a basis for reargument under Rule 59.

5. Dr. Bilski's second argument – that the Complaint did not give constitutionally sufficient notice – was previously considered and rejected by this Court. Dr. Bilski has not cited any controlling case law or legal principle that could disturb this Court's prior ruling on this issue. Again, Dr. Bilski fails to establish a basis for reconsideration under Rule 59.

6. Third, Dr. Bilski again fails to cite any precedent that would suggest that expert testimony is necessary in the context of an administrative hearing to determine whether professional licensing standards have been breached. Indeed, as noted in the Opinion, to require such testimony – akin to that which is required in a medical negligence action – would frustrate the Board's proper administrative and adjudicative functions.[8]

7. Dr. Bilski's final argument is also without merit. He claims that 24 *Del. C.* §1733(d) supersedes the notice pleading standards set forth in the Delaware Rules of Civil Procedure. Nothing in the statutory scheme supports this contention. Dr. Bilski cites no case law to support his argument that more

---

[7] Op. at 16-17.
[8] *See* Op. at 12.

particularized pleadings are required in this context, and fails to persuade this Court that its previous ruling on this issue was incorrect.

8.      The instant motion fails to meet the standard for a Motion for Reargument set forth under Superior Court Civil Rule 59(e), and simply re-hashes arguments that were addressed at length and rejected by this Court's June 30th Opinion.  Accordingly, the motion is **DENIED.**

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Judge Vivian L. Medinilla